TENTATIVE RULING

ISSUED BY JUDGE J. BARRETT MARUM

| | |
|---|---|
| Adversary Case Name: | Renzulli et al v. Green Phair Scripps Partners LLC et al |
| Adversary Number: | 25-90115-JBM |
| Case Number: | 25-00667-JBM11 |
| Hearing: | 01/28/2026 11:00 AM |
| Motion: | JOINT MOTION FOR (1) MANDATORY ABSTENTION; OR, ALTERNATIVELY, (2) PERMISSIVE ABSENTENTION; OR, ALTERNATIVELY (3) FOR DISMISSAL AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT FILED ON BEHALF OF THE PHAIR COMPANY LLC, JEFFREY DAVID PHAIR, GREEN PHAIR SCRIPPS PARTNERS, LLC |

**Hear.** The Court has reviewed the Defendants' Joint Motion for (1) Mandatory Abstention; or Alternatively, (2) Permissive Abstention; or Alternatively, (3) for Dismissal; and Request for Judicial Notice (ECF No. 8), the Plaintiffs' Opposition (ECF No. 12), the Defendants' Joint Reply (ECF No. 13), and the Adversary Complaint (the "Complaint") (ECF No. 1).

The Complaint seeks a judgment declaring that 1) the Defendants breached a contract, 2) the contract has been terminated and no enforceable contract exists, 3) the Plaintiffs have no obligations under the contract, 4) the Defendants have no rights under the contract, 5) one of the Plaintiffs is not a party to the contract, and 6) the Defendants have no equitable claims or rights in the contract, the property that is in part subject of the contract, or against the Plaintiffs. ECF No. 1 at 8.

In the related State Court complaint, the Defendants sued the Plaintiffs for breach of the same contract presented to this Court via the Complaint, declaratory judgment, unjust enrichment, and injunctive relief. ECF No. 1-1 at 1. In the State Court action, the Defendants allege that "[a]n actual controversy has arisen between the parties relating to their respective legal rights and duties under the PSA for which there is no adequate remedy at law. Among other things, Phair maintains that the PSA has not been terminated, while Renzulli contends it has been terminated" and that the Plaintiffs claim they do not have obligations under the contract. *Id.* at 16. The Defendants seek "a declaratory judgment of the respective rights and obligations of the parties under the PSA and the Arbitrator's Award of November 7, 2022, and the Parties' and Phair's consultants' right to refuse to allow Renzulli to use any work product generated for Phair in connection with the Project and paid for by Phair" in the State Court. *Id.* at 17.

The Plaintiffs now claim that "[b]ecause the state court has indefinitely stayed Defendants' case and Debtors' assets include sales proceeds from Renzulli's real property, Renzulli and Thomas Renzulli filed an adversary proceeding to declare that Defendants have no rights to Renzulli's real property and no claim for any rights or damages against Renzulli or Thomas Renzulli." ECF No. 12 at 5. The stay in the State Court is not in fact "indefinite" by the Plaintiffs' own admission; the "'case is stayed pending bankruptcy issues'" and the State Court scheduled a status conference to be heard in less than two months to address the ongoing State Court case. *Id.*

The Plaintiffs concede the Defendants have met the first five and the last elements of mandatory abstention. ECF No. 12 at 5. Accordingly, the Plaintiffs' only argument that the Defendants have not adequately demonstrated mandatory abstention applies is that there is no "state court forum that will timely hear this dispute."

Under 11 U.S.C. § ("Section") 1334(c)(2), "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Courts have addressed what constitutes timely adjudication for purposes of Section 1334(c)(2). When the automatic stay is in place, the stay can preclude timely adjudication in state court and bankruptcy courts need not abstain. *Dunkirk Ltd. Partnership v. TJX Companies, Inc.*, 139 B.R. 643 (N.D. Ohio 1992).

Here, it appears that the automatic stay is in place with respect to certain aspects of the state court litigation and not others. Under these circumstances it is understandable that the State Court has not proceeded with that litigation on a piecemeal basis. The Court is inclined to sua sponte lift the stay to allow the state court litigation to proceed to judgment but to leave the stay in place regarding any efforts to enforce a judgment against the Debtors. *See In re Bellucci*, 119 B.R. 763, 779 (Bankr. E.D. Cal. 1990) (holding that the Court may sua sponte lift the automatic stay). This then would eliminate the Plaintiffs' only argument against mandatory abstention because the State Court can now proceed with the state court litigation unfettered by the automatic stay. Thus, if the Court sua sponte lifts the stay as outlined above, the Court will conclude mandatory abstention is appropriate and it will **GRANT** the Motion on that basis.

Permissive abstention is also appropriate here. The Court has weighed the 12-factor analysis for permissive abstention. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990). The Plaintiffs agree factors 2-5, 7-8, and 11-12 all weigh in favor of abstention. Accordingly, the Court addresses factors 1, 6, 9, and 10 only.

Factor 1 addresses the effect or lack thereof on the efficient administration of the estate if the Court abstains. There may be some impact on the efficient administration of the estate if the Court abstains and so this factor weighs against abstention.

Factor 6 under *Tuscon Estates* deals with the degree of relatedness or remoteness of the proceeding to the main bankruptcy case. The Plaintiffs claim factor 6 addresses the absence of an active state forum because it "assume[s] the existence of an active, parallel state court proceeding." ECF No. 12 at 9. As detailed above, this is no longer an issue because the Court is lifting the automatic stay – to the extent it applies in the first place – to allow the state court litigation to proceed. The State Court action clearly parallels this adversary proceeding and will become active following the Court's order and so this factor weighs in favor of abstention.

Factor 9 weighs the burden on the bankruptcy court's docket. The Court agrees that allowing the adversary proceeding to go forward will have an impact on the Court's docket. ECF No. 13 at 7. With case filings continuing to increase and only two judges on a Court that has historically had four judges, this factor thus weighs in favor of abstention.

Finally, factor 10 addresses whether forum shopping occurs. The Plaintiffs accuse the Defendants of "refusing to take any action to lift the stay or prosecute the state court case" and "allow[ing] their state court case to remain dormant." ECF No. 12 at 10. Either party could have brought a motion to obtain a stay relief order that would have allowed the state court litigation to proceed. (While debtors do not typically seek stay relief, this is an example of a situation in which it might have made sense to do so.) That would have been far more efficient than the filing of this adversary proceeding and this motion. The Court finds this factor is neutral in the abstention analysis.

The vast majority of the twelve permissive abstention factors weigh in favor of abstaining and so the Court will **GRANT** the motion on that basis as well. Because the Court is abstaining, it may either dismiss or suspend this adversary proceeding if the interests of creditors and the debtors would be better served by such dismissal or suspension. The Court will not, however, reach the Defendants' dismissal requests on the merits. The Court will hear whether dismissing the case without prejudice or suspending activity while the case remains pending better serves the interests of the parties at this time.